Filed May 13, 1892.

---

No. 476.

## WILES *v.* LEE.

ATTACHMENT.—*Court Instructing Jury to Find for Garnishee Defendant, When May.*—Where the evidence shows that the garnishee defendant was not indebted to the principal defendant, and showed no property belonging to him at the time the attachment proceedings are commenced, and there is no evidence of fraud or bad faith, the court may instruct the jury to find for such garnishee defendant.

From Hamilton Circuit Court.

*R. R. Stephenson* and *W. R. Fertig,* for appellant.

*T. J. Kane* and *T. P. Davis,* for appellee.

ROBINSON, C. J.—The appellant commenced an action in the Hamilton Circuit Court against John Hockenberry. At the time of the commencement of said action appellant commenced proceedings in attachment against said Hockenberry, alleging in the affidavit the nature and the

character of the claim against said Hockenberry, the amount thereof, that the same was due, etc. That said Hockenberry had secretly left the State with intent to defraud his creditors, particularly the appellant; that he so concealed himself that summons could not be served upon him ; that he was removing his property, subject to execution, out of this State, not leaving enough therein to satisfy the appellant's claim ; that he had sold, conveyed and otherwise disposed of his property, subject to execution, with the fraudulent intent to cheat, hinder and delay his creditors, particularly the appellant, and was about to sell, convey and otherwise dispose of his property, subject to execution, with such intent ; that the appellee and others named therein had property of the said Hockenberry in their possession and under their control, which the sheriff could not attach by virtue of any order of attachment therein, to wit : money, notes, credits, and choses in action, and that the appellee and others named therein had the control and agency of such money, credits, notes and choses in action belonging to said Hockenberry which ought to be applied to the satisfaction of appellant's claim ; that a more particular description thereof could not be given. The requirements of the statute were complied with in the procurement of the attachment, and the appellee was duly served with summons in the proceedings in garnishment.

There were such proceedings as that the appellant recovered judgment in the main action against said Hockenberry. The appellee filed an answer to the proceedceedings in garnishment against him ; that he had no money, property, notes, credits or choses in action in his possession or under his control, neither did he have at the date of the commencement of the action the service of summons upon him or at any time since the commencement of said action any money, property notes, credits

or choses in action belonging to the said Hockenberry, the defendant in said main action.

Upon the issues thus formed between the appellant and appellee the cause was submitted to a jury with a verdict in favor of the appellee. A judgment was rendered on the verdict. Afterwards a motion for a new trial was made by the appellant and overruled.

The alleged error of the court in overruling the motion for a new trial constitutes the assignment of error.

The argument of counsel for the appellant is limited to the alleged error of the court in instructing the jury to return a verdict for the appellee and in refusing to give the jury certain instructions asked for by the appellant. From a careful reading of the evidence, which is in the record, we are unable to discover any ground that would justify a reversal of this cause. It appears from the evidence that some months before the commencement of the action by the appellant against Hockenberry, the appellee and said Hockenberry had a transaction by which Hockenberry sold and transferred to appellee divers promissory notes for the sum of $500, part of which was paid to Hockenberry at the time and the residue before said action was commenced; that at the time of the sale and transfer of said notes Hockenberry left with the appellee other notes for collection to the amount of '$126; that before the commencement of the action appellee had paid to said Hockenberry the full sum of $500 he agreed to pay for the assignment of said promissory notes to him, which was the full value thereof, and had collected and paid over to said Hockenberry said sum of $126, left with him for collection by said Hockenberry, there was no evidence of fraud or bad faith on the part of the appellee or collusion in any form with Hockenberry, but it appears from the evidence that the appellee acted in the utmost good faith and had fully paid Hockenberry all that was due him before this action com-

Wiles *v.* Lee.

menced and without notice that appellant had any claim against Hockenberry. There was no evidence whatever that tended to make appellee liable in the proceedings in garnishment. The instructions asked for by the appellant and refused by the court were inapplicable to the case made by the evidence, and were correctly refused. The instruction of the court to the jury to return a verdict for the appellee was clearly correct under the evidence, and was fully within the power and discretion of the court in such cases.

The judgment is affirmed.

Filed May 13, 1892.